Lawson v. The C., R. I. & P. R. Co.

1. **Railroads**: NEGLIGENCE: SPECIAL FINDINGS: INSTRUCTION. Several cattle were killed and injured by separate trains of defendant. In an action for the entire damage the defendant asked for special findings as to the amount of damage done by each train. The court submitted the questions with an instruction that if the jury found that damage was done by both trains, and that one train was operated with reasonable care, then they should answer the questions. No special findings were returned with the general verdict, whereupon the defendant moved to require the jury to return answers to the questions, which motion was overruled. *Held*, that the instruction was correct and the motion properly overruled; that under the general verdict the questions asked became immaterial; and that the statute, section 2308, Code, does not require special findings of immaterial facts.

2. ——: ——: EVIDENCE: SUFFICIENCY OF TO SUSTAIN VERDICT. Where the evidence of negligence does not show such an absence of proof as to authorize the conclusion that the verdict was the result of passion or prejudice, the judgment will not be disturbed.

*Appeal from Wayne Circuit Court.*

THURSDAY, MARCH 23.

ACTION to recover the value of certain cattle killed by trains upon defendant's railway at the crossing of a public road. There was a judgment upon a verdict for plaintiff; defendant appeals.

*Vermilion & Vermilion,* for appellant.

*E. S. Hart,* for appellee.

BECK, J.—I.   The evidence introduced at the trial of this case, in the court below, shows that a freight train upon defendant's railroad struck and killed, or injured, at the crossing of a highway, two or three cattle belonging to plaintiff. These cattle were a part of a drove of 140 or 150, which at the time were at or near the crossing. The cattle, after the accident gathered in great numbers upon the crossing, being attracted by the blood from the animals which were killed or injured. A passenger train followed in close proximity to the freight train and ran into the herd gathered upon the crossing, killing and injuring six or seven more.   It does not clearly appear from the testimony what number was injured by each separate accident, but it is shown that by both, seven were killed and two injured.   There is no dispute as to the facts thus far.   The contention involves the question of negligence on the part of defendant, the evidence bearing upon this branch of the case being conflicting.

II.   The defendant requested the court to submit the following questions to the jury for special findings: "How many 1. RAILROADS: cattle were killed by the freight train, and what negligence: special find- were they worth?   How many cattle were injured ings: instruc- tions. by the freight train, and what was the damage done to them?   How many cattle were killed by the passenger train, and what were they worth?   How many cattle were injured

by the passenger train, and to what amount were they damaged?"

The interrogatories were submitted under the following instruction:

"12.  If you find from the evidence that both defendant's said freight train and passenger train struck and injured plaintiff's cattle, and if you further find that said collision was caused by the negligence of defendant's employes operating one of said trains, but that the other train was operated with reasonable care at the time, then you will answer the following special questions."

Under the instruction the questions were not answered by the jury.  When the verdict came in the defendant's counsel moved the court to require the jury to retire and return special findings in response to the questions.  The motion was overruled.  The action of the court in overruling this motion, and in directing the jury touching their special findings by the instruction just quoted, is the first ground of complaint urged upon our attention by defendant's counsel.

We think the instruction in question is correct.  There could no benefit or advantage result to defendant, in case the jury should find that there was negligence in running both trains, to determine the value and number killed or injured by each.  In such case the special questions were immaterial, and therefore the court properly refused to require an answer thereto.  The statute, Code, section 2808, relied upon by defendant's counsel to support his position, cannot be construed to require special findings of immaterial facts.

The jury having in the general verdict necessarily found defendant guilty of negligence in running both trains, for the reasons just expressed, it becomes immaterial to determine the number and value of the cattle injured by the separate accidents.  The motion, after the verdict, for special findings was properly overruled.

III.  Counsel for defendant insist that the evidence fails to

support the finding of the jury to the effect that defendant was

2. ——: ——: chargeable with negligence. It cannot be fairly
evidence:
sufficiency of. claimed that there was such absence of proof upon
this point of the case, as to authorize the conclusion that the
verdict was the result of prejudice or passion. The testimony
shows that for at least one hundred rods the crossing, and the
space adjacent, were in plain view of the engineers and others in
charge of the approaching trains. One hundred and forty or
fifty cattle were collected near the crossing, some of them upon
it, as the passenger train came up. There was evidence tend-
ing to establish that efforts, dictated by ordinary care, were not
used to stop or check the speed of the train. The collection
of so great a number of cattle near a crossing was a source of
danger and the persons in charge of the train were sufficiently
warned of the danger by seeing the cattle there. If these per-
sons did not see the cattle, the case is not different, for by the
exercise of ordinary care and watchfulness they could have
seen the animals. We conclude that the judgment cannot be
disturbed on the ground that the verdict lacks the support of
the evidence.

No questions, other than those we have considered, are dis-
cussed by defendant's counsel. The judgment of the Circuit
Court is

AFFIRMED.